

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Tyminska v. Social Security Admn

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4157

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tyminska v. Social Security Admn" (2008). *2008 Decisions.* Paper 668.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/668

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4157
_____

ANNIE B. TYMINSKA,

Appellant

v.

SOCIAL SECURITY ADMINISTRATION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cv-01530)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2008

Before:  AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed: August 12, 2008)
_____

OPINION
_____

PER CURIAM

Annie B. Tyminska appeals the District Court's decision affirming the

Commissioner's denial of her request for benefits.  We will affirm.

In May 2004, Tyminska filed applications for disability insurance benefits and supplemental security income. Tyminska alleged disability because of an affective disorder, diabetes mellitus, asthma and hypertension. After Tyminska's applications were denied, she received a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Jones was not disabled under the Social Security Act and the Appeals Council denied her request for review.

The ALJ found that Tyminska's depressive disorder restricted her ability to perform basic work functions.[1] At the final step of the five-step sequential evaluation, the ALJ determined that Tyminska retained the residual functional capacity to perform work at the medium exertional level. See Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004) (describing 5-step process). Finally, the ALJ found that while Tyminska was incapable of performing her past relevant work, she was capable of making an adjustment to work which exists in significant numbers in the national and regional economy. Tyminska sought review of the ALJ's decision in the District Court. The District Court adopted the Magistrate Judge's Report and Recommendation over Tyminska's objections and affirmed the ALJ's decision.

The District Court had jurisdiction under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference. We have jurisdiction over Tyminska's

_____

[1] The ALJ determined that Tyminska's diabetes mellitus, asthma and hypertension were not disabling.

appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court's legal conclusions. Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005). We review the factual findings in the ALJ's decision for substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

We agree with the District Court and will adopt its reasoning. The ALJ properly considered, discussed and weighed the relevant evidence pertaining to Tyminska's disability allegations. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Consistent with the regulations, the ALJ determined that while Tyminska had a psychological impairment, her subjective complaints of disabling psychological symptoms were not fully credible in light of the medical evidence. See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999).

The District Court provided Tyminska with a full and fair opportunity to present her case and properly reviewed her claims under the substantial evidence standard. Further, despite Tyminska's arguments to the contrary, the District Court did not err in dismissing the case before she had an opportunity to counter the defendant's response to her objections to the Magistrate Judge's Report and Recommendation. Tyminska also objects to the defendant "filing redacted evidence" in violation of the rules of evidence. This argument is plainly meritless. See 42 U.S.C. § 405(b) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure.").

For the reasons set forth above, we will affirm the judgment of the District Court.[2]

---

[2]To the extent that Tyminska attempts to introduce new evidence on appeal in this Court, we remind her that "[b]ecause this evidence was not before the ALJ, it cannot be used to argue that the ALJ's decision was not supported by 'substantial evidence.'" Jones v. Sullivan, 954 F.2d, 125, 128 (3d Cir. 1991).